IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02063-BNB

ANN MARIE MILLER,

    Plaintiff,

v.

TAMRA BENNETT,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Ann Marie Miller, initiated this action by filing *pro se* a complaint (ECF No. 1). On August 13, 2012, Ms. Miller filed an amended complaint (ECF No. 4) on the proper form. The court must construe the amended complaint liberally because Ms. Miller is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Miller will be ordered to file a second amended complaint if she wishes to pursue her claims in this action.

    The court has reviewed the amended complaint and finds that it is deficient because the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven,

show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Miller fails to provide a short and plain statement of the grounds for the court's jurisdiction.   Ms. Miller asserts one claim in the amended complaint alleging breach of contract.   Although she alleges that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over the breach of contract claim, she fails to allege sufficient facts to demonstrate that diversity jurisdiction is appropriate.   To invoke federal diversity jurisdiction pursuant to § 1332, the facts essential to show jurisdiction must be pleaded affirmatively.   *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over actions between citizens of different states "where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs." The addresses Ms. Miller provides for the parties indicate that they are citizens of different states. However, it appears that the relief Ms. Miller requests in the amended complaint, compensatory damages in the amount of $35,000.00 and punitive damages in the amount of $450,000.00, does not satisfy the amount in controversy requirement for diversity jurisdiction because the court cannot consider the amount of punitive damages requested. In a diversity case, the court must apply the substantive law of the forum state, *see Haberman v. Hartford Ins. Grp.*, 443 F.3d 1257, 1264 (10th Cir. 2006), and "[p]resent case law in Colorado does not recognize a claim for punitive damages predicated upon breach of contract," *Watson v. Cal-Three, LLC*, 254 P.3d 1189, 1197 (Colo. App. 2011).

Ms. Miller also fails to provide a short and plain statement of her breach of contract claim showing that she is entitled to relief because she fails to allege certain basic facts regarding the background of her claim in order to provide the necessary context to understand that claim. For example, Ms. Miller alleges that she entered into the contract in question with an LLC, but the only Defendant in this action is an individual, not an LLC, and Ms. Miller fails to explain what connection exists between the named Defendant and the LLC that allegedly was the other party to the contract in question.

For these reasons, Ms. Miller will be ordered to file a second amended complaint that complies with the pleading requirements of Rule 8 if she wishes to pursue her claim in this action. Ms. Miller is advised that, in order to state a claim in federal court, she "must explain what each defendant did to him or her; when the defendant did it; how

the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Ms. Miller file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Ms. Miller shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Miller fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, on August 20, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

4