IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02063-MSK-CBS

ANN MARIE MILLER,
    Plaintiff,
v.

TAMRA BENNETT,
    Defendant.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Ms. Bennett's "Motion to Enter Special Appearance." Pursuant to the Order Referring Case dated August 31, 2012 (Doc. # 13) and the memorandum dated March 8, 2013 (Doc. # 48), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

Among several motions pending in this civil action is Ms. Bennett's "Combined Motion to Dismiss or Transfer . . . ." (*See* Doc. # 37). On February 26, 2013, the court ordered the parties, who are both appearing in their *pro se* capacities, to attend a Status Conference on March 26, 2013 at 1:30 p.m. (*See* Order (Doc. # 46)). The court permitted Ms. Bennett to appear via telephone. Ms. Bennett now "moves to enter a special appearance to preserve the dual issues of lack of jurisdiction and improper venue" and "respectfully declines to appear" at the Status Conference. (*See* Doc. # 47).

Ms. Bennett's assertion that she "is potentially waiving the right to contest jurisdiction" by appearing at the Status Conference via telephone is without merit. Under the Federal Rules of Civil Procedure there is no reference to either a general or special appearance. "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (2)

lack of jurisdiction over the person, (3) improper venue, . . . No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b).  It is not necessary to make a special appearance to challenge the jurisdiction over the person of the defendant.

Under Fed. R. Civ. P. 12(h)(1),

> a party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Ms. Bennett filed her Motion to Dismiss under Rule 12(b)(2) and 12(b)(3).  (*See* Doc. # 37). She did not waive her objections to personal jurisdiction or venue under 12(h)(1).

"In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences . . . ." Fed. R. Civ. P. 16(a).  If a party fails to appear at a scheduling or other pretrial conference or fails to obey a pretrial order, "[o]n motion or on its own, the court may issue any just orders, including those authorized by in Rule 37(b)(2)(A)(i)-(vii)." Fed. R. Civ. P. 16(f)(1).  Rule 16 permits the court to order payment of reasonable expenses incurred because of any noncompliance.  Fed. R. Civ. P. 16(f)(2). Rule 37 permits the court to "render a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(v).

Accordingly, IT IS ORDERED that Ms. Bennett's "Motion to Enter Special Appearance" (filed March 7, 2013) (Doc. # 47) is DENIED.  Failure to appear at the Status Conference via telephone may result in sanctions, including default judgment and payment of expenses.

DATED at Denver, Colorado, this 8th day of March, 2013.

BY THE COURT:

   s/Craig B. Shaffer  
United States Magistrate Judge